# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PAUL McQUIDDY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-02820 |
| ) | Judge Aleta A. Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1) filed by movant Paul McQuiddy, seeking to vacate and reduce the sentence entered upon McQuiddy's 2013 criminal conviction in *United States v. Conyers et al.*, No. 3:09-cr-00240 (M.D. Tenn. Feb. 15, 2013) (Judgment, Doc. No. 1950),[1] based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The motion to vacate will be granted in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

## I.    PROCEDURAL BACKGROUND

On February 4, 2013, the court (Nixon, S.J.) accepted McQuiddy's plea of guilty to seven charges against him in the multi-count Ninth Superseding Indictment against numerous co-defendants. (Crim. Doc. No. 1908.) These charges consisted of (1) five separate charges of conspiracy to interfere with commerce by robbery and extortion and to commit and threaten physical violence against another person and his property, in violation of 18 U.S.C. §§ 1951 and 2 ("Hobbs Act conspiracy") (Counts 13, 16, 18, 30 and 41); (2) using and attempting to use

---

[1] References to the criminal docket will hereafter be designated as "Crim. Doc. No. ___."

physical force against an individual in retaliation for providing information to a law enforcement officer relating to the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 1513(b)(2) (Count 34); and (3) possessing and discharging a firearm during and in relation to a crime of violence (specifically, "conspiracy to commit a Hobbs Act extortion and robbery"), in violation of 18 U.S.C. §§ 924(c) and 2 (Count 31). According to the Petition to Enter a Plea of Guilty (Crim. Doc. No. 1908) and as announced in open court at the plea hearing on February 4, 2013, McQuiddy and the government reached an agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure for a total prison sentence of 18 years: 8 years concurrently on Counts 13, 16, 18, 30, 41, and 34, and the statutory minimum of 10 years on Count 31, to run consecutively to the 8 years on the other charges. (*See* Doc. No. 5-1 (Plea Hr'g Tr.), Crim. Doc. No. 1908 (Plea Petition).) This term was to be followed by 5 years of supervised release.

As indicated in the plea petition and plea hearing transcript, McQuiddy was aware that Count 31 required a mandatory minimum consecutive sentence of 10 years, because a firearm was discharged during the underlying "crime of violence." 18 U.S.C. § 924(c)(1)(A)(iii).[2] The written plea petition itself does not contain a waiver of appellate rights or of the right to bring a post-conviction challenge. At the plea hearing, conducted before Senior Judge John T. Nixon (now retired), the Assistant United States Attorney represented to the court that McQuiddy, along with the three other co-defendants who entered pleas the same day, had agreed to waive their appellate rights. The prosecutor stated on the record that the plea agreement with each defendant included

---

[2] The government did not allege that McQuiddy discharged the firearm but that McQuiddy was responsible for the discharge as a co-conspirator, having provided the weapon to the individual who did discharge it. (*See* Doc. No. 5-1, at 49.)

> a waiver of appellate rights and postconviction rights applicable under the plea agreement as to each of the four defendants. . . .
>
> Regarding sentencing, each defendant is aware that 18 U.S.C. 3742 generally affords the defendant the right to appeal the sentence imposed. Acknowledging this, each defendant knowingly waives the right to appeal the sentence agreed to in that defendant's particular plea agreement pursuant to Federal Rule of Civil Procedure 11(c)(1)(C). Each defendant also knowingly waived their right to challenge that agreed sentence in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. 2255 and/or 2241 and/or 18 U.S.C. 3582(c).

(Plea Hr'g Tr., Doc. No. 5-1, at 55–56.) In Judge Nixon's colloquy with each defendant, however, the defendants confirmed their understanding that they were waiving their right to go to trial, but they were not asked to confirm their understanding that they were waiving their right to bring a collateral challenge to their sentence. (*See id.* at 60.)

In addition, while two of the other defendants' plea petitions included language acknowledging the waiver of the right to appeal or to bring a post-conviction collateral challenge (*see* Crim. Doc. No. 1910, at 4; Crim. Doc. No. 1909, at 4), the handwritten "Summary of Plea Agreement" appended to McQuiddy's plea petition contains no reference to waiver. (*See* Crim. Doc. No. 1908, at 6.)

McQuiddy was sentenced on February 4, 2013 to 18 years in accordance with the agreement documented in the plea petition. (Minute Entry, Crim. Doc. No. 1903.) Judgment was entered on February 15. 2013. (Crim. Doc. No. 1950.) McQuiddy did not appeal his conviction or sentence.

On June 27, 2016, McQuiddy filed a *pro se* motion to appoint counsel in the criminal case, asserting that he was entitled to relief under *United States v. Johnson*, 135 S. Ct. 2551 (2015), and arguing specifically that conspiracy to commit Hobbs Act robbery does not qualify

as a crime of violence for purposes of 18 U.S.C. § 924(c)(3).[3] The court appointed counsel and directed the filing of a supplemental brief. Counsel filed his supplemental brief as a Motion to Vacate, initiating this civil action, rather than making a filing in the criminal case, on October 31, 2016. The Motion expressly incorporates the arguments raised in McQuiddy's *pro se* filing, arguing in particular that the Hobbs Act conspiracy convictions could only qualify as crimes of violence under the "residual clause" of § 924(c)(3)(B), which is unconstitutional in light of *Johnson*. (Doc. No. 1.) McQuiddy requested that his motion be held in abeyance pending the Supreme Court's review of *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

The government filed a Response, arguing that (1) McQuiddy waived his right to bring a § 2255 motion; (2) his argument that the so-called residual clause in § 924(c)(3) falls within the scope of *Johnson* is foreclosed by binding Sixth Circuit precedent; (3) conspiracy to commit Hobbs Act robbery satisfies the elements clause of § 924(c)(3)(A); and (4) any reduction in sentence would violate the terms of the binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and, without the agreement, McQuiddy would have been subject to a "much more onerous" punishment than 18 years, with multiple additional charges under § 924(c). (Doc. No. 5, at 2.) In his Reply, the petitioner argues that any purported waiver was not knowing and that Supreme Court precedent requires a categorical approach to the determination of whether the elements of a criminal offense make it a crime of violence for purposes of § 924(c)(3). (Doc. No. 8.)

---

[3] The motion is dated June 3, 2016 and, under the prison mailbox rule, deemed filed on the day McQuiddy delivered it the proper prison authorities for forwarding to the district court. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). The government does not contend that McQuiddy's motion is untimely.

## II. LEGAL FRAMEWORK

### A. 28 U.S.C. § 2255

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides that a prisoner serving a sentence for violation of a federal criminal law who claims that his sentence was imposed in violation of the Constitution "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

A motion under § 2255 is subject to a one-year statute of limitations, running from the latest of four possible triggering events, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

### B. 18 U.S.C. § 924(c)

Section 924(c) provides enhanced penalties for anyone who "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," "during and in relation to a crime of violence." 18 U.S.C. § 924(c)(1)(A). As relevant here, an individual convicted of a crime of violence during which a firearm is discharged is subject to a mandatory minimum sentence of ten years "in addition to the punishment provided" for the underlying crime of violence. 18 U.S.C. § 924(c)(1)(A)(iii).

Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts commonly refer to § 924(c)(3)(A) as the "force clause" or "elements clause" and to § 924(c)(3)(B) as the "residual clause."

In *Johnson v. United States*, the Supreme Court invalidated the so-called residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. 2551, 2563 (2015). Since then, courts and litigants have continued to grapple with the full import of *Johnson*, both with respect to how it affects the interpretation of the still-valid parts of the ACCA and how it pertains to other similarly worded statutes.

While other circuit courts disagreed, the Sixth Circuit had held, in the wake of *Johnson*, that the § 924(c)(3)'s residual clause remained valid. *See United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 1975 (May 14, 2018), *rehr'g denied*, 138 S. Ct. 2646 (June 11, 2018). The Supreme Court, however, has now resolved the circuit split, holding that § 924(c)(3)'s residual clause, like that in the ACCA, is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019). *Davis* effectively invalidated *Taylor*, and it is now clear, as discussed below, that a conviction for conspiracy to commit Hobbs Act robbery cannot be sustained as a predicate crime of violence for purposes of a conviction under the residual clause of § 924(c)(3)(B). It also does not fall within the scope of the elements clause, § 924(c)(3)(A).

### III. ANALYSIS

#### A. Waiver

The government argues that McQuiddy waived his ability to challenge his conviction or

sentence as part of his plea agreement. At the plea hearing, the government referenced a plea agreement and represented that four co-defendants, including McQuiddy, were waiving their ability to collaterally challenge their conviction or sentence. As indicated above, however, McQuiddy was not questioned during the plea colloquy regarding whether he understood that he was waiving his ability to challenge his conviction or sentence as unconstitutional in a § 2255 motion. Further, there was no written plea agreement, and the written plea petition, which summarizes the agreement, does not incorporate a waiver.

To be valid, a waiver generally must, at a minimum, be both knowing and voluntary. *See Vowell v. United States*, No. 17-5405, — F.3d —, 2019 WL 3850144, at *4 (6th Cir. July 12, 2019). In this case, there is insufficient evidence that it was either. The court concludes that McQuiddy's claim is not waived.[4]

B.     **The Effect of *Davis***

In *Taylor*, 814 F.3d at 379, the Sixth Circuit held that the residual clause of § 924(c)(3), despite its similarities to the residual clause in the ACCA, was not unconstitutionally vague. That holding was abrogated by *Davis*, in which the Supreme Court held that the residual clause of § 924(c)(3) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324. In that case, the Fifth Circuit had held that the defendants' convictions for Hobbs Act *robbery* qualified as predicate crimes of violence under the elements clause of § 924(c) but that their conviction for Hobbs Act

---

[4] In *Vowell*, the Sixth Circuit reconfirmed that a petitioner may challenge his sentence as statutorily excessive based on a subsequent change in the law, even if he entered into an otherwise knowing and voluntary waiver of his right to collaterally challenge his sentence through a § 2255 motion, pursuant to *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006). *Vowell*, 2019 WL 3850144, at *5. More specifically, the court held in *Vowell* that an incorrect designation as a career offender under the ACCA renders a sentence in excess of the statutory maximum, meaning that such claims fall within the scope of *Caruthers* and are non-waivable. *Vowell*, 2019 WL 3850144, at *5. Because the waiver in this case has not been shown to be knowing and voluntary, the court has no reason to consider whether *Vowell* applies.

*conspiracy* qualified only under the residual clause of § 924(c), which it found to be unconstitutionally vague. 903 F.3d 483, 486 (5th Cir. 2018) (per curium), *cited in Davis*, 139 S. Ct. at 2325. The court therefore vacated the § 924(c)(1)(A) conviction that was predicated upon Hobbs Act conspiracy. The Supreme Court affirmed. *Davis*, 139 S. Ct. at 2336 ("We agree . . . that § 924(c)(3)(B) is unconstitutionally vague.").

The government in *Davis* did not attempt to argue that Hobbs Act conspiracy qualified under the elements clause as a predicate crime of violence, and the Supreme Court did not expressly reach that question. However, it did hold that courts must apply the "categorical" approach, rather than a case-specific approach, in determining whether an offense is a crime of violence under § 924(c). *Davis*, 139 S. Ct. at 2326–32. In light of that conclusion, the only circuit court to consider the issue following *Davis*, *United States v. Barrett*, No. 14-2641-cr, — F.3d —, 2019 WL 4121728 (2d Cir. Aug. 30, 2019), held that *Davis* compelled the conclusion that Hobbs Act conspiracy does not qualify categorically as a crime of violence under the elements clause of § 924(c)(3)(A) either.

In *Barrett*, the Second Circuit, following remand for reconsideration after *Davis*, vacated the defendant's § 924(c) conviction "for using a firearm in committing Hobbs Act robbery conspiracy." The court was clearly reluctant to vacate the conviction but understood *Davis* to require it:

> We are obliged to vacate Barrett's Count Two conviction because *Davis* precludes us from concluding, as we did in our original opinion, that Barrett's Hobbs Act robbery conspiracy crime qualifies as a § 924(c) crime of violence. At the outset, we note that there can be no question but that the particular Hobbs Act robbery conspiracy committed by Barrett and his co-conspirators was violent, even murderous. There is also no question, however, that, in *Davis*, the Supreme Court held that a crime could not be identified as a crime of violence under § 924(c)—even by a trial jury—on a case-specific basis. The decision must be made categorically. In so holding, the Supreme Court acknowledged that a case-specific approach to § 924(c), particularly to the statute's residual clause, *see* 18 U.S.C. §

> 924(c)(3)(B), would avoid both the Sixth Amendment and vagueness concerns that have doomed other, similarly worded residual clauses. Nevertheless, the Court held that the text, context, and history of § 924(c) could not support such an approach.

*Id.* (internal citations omitted).

The court then went on to address § 924(c)(3)(A). It had previously affirmed Barrett's Count Two conviction based, in part, on its conclusion that "Hobbs Act robbery conspiracy could be categorically identified as a crime of violence by reference only to its elements." *Id.* at *2. Post-*Davis*, however, the court recognized that its "elements-based conclusion . . . depended on both § 924(c)(3)(A) and § 924(c)(3)(B). We reasoned that where the elements of a conspiracy's object crime (here, Hobbs Act robbery) establish it as a categorical crime of violence under § 924(c)(3)(A), the agreement element of a conspiracy categorically establishes the 'substantial risk' of violence under § 924(c)(3)(B)." *Id.* Although the Supreme Court did not address this "hybrid approach," since the issue was not presented to it, the Second Circuit read *Davis* as foreclosing that approach, insofar as it depended in part on § 924(c)(3)(B), which the Supreme Court had left "no longer valid in any form." *Id.* at *3. The court therefore concluded that the Hobbs Act conspiracy conviction did not fall within § 924(c)(3)(A) either. *Accord United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (holding, pre-*Davis*, that conspiracy to commit Hobbs Act robbery "does not categorically qualify as a crime of violence under the elements-based categorical approach, as the United States now concedes," and that the residual clause of § 924(c)(3)(B) is unconstitutionally vague, and, therefore, vacating a conviction under § 924(c)(1) predicated on conspiracy to commit Hobbs Act robbery).

The Sixth Circuit has not directly addressed the issue, but this court is persuaded that (1) *Davis* requires a categorical approach to § 924(c)(3)(A) as well as to § 924(c)(3)(B) and (2) Hobbs Act conspiracy is not categorically a crime of violence under the elements clause of §

924(c)(3)(A). Under *Davis*, § 924(c)(3)(B) is unconstitutionally vague. As a result, McQuiddy's conviction under 18 U.S.C. § 924(c)(1) must be vacated.

Under the circumstances, however, the court is not free to simply sever 10 years from McQuiddy's sentence. It is clear that his sentence was part of a package deal, as the government argues, and that a full resentencing is required in this case. *See Davis*, 139 S. Ct. at 2336 (noting that, "when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentence for any remaining counts' if such an increase is warranted" (quoting *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017)).

## IV. CONCLUSION

Based on *Johnson* and *Davis*, McQuiddy's Motion to Vacate will be granted, and the court will enter a separate order in the criminal case, No. 3:09-cr-00240, vacating the conviction on Count 31 of the Ninth Superseding Indictment, vacating the sentence in its entirety, and scheduling a resentencing.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge